Reed, P. J.,
delivered the opinion of the court.
Appellee, plaintiff below, a nurseryman, brought suit before a justice of the peace to recover a balance claimed to be due for nursery stock sold and delivered. A trial was had, with judgment for the defendant (appellant) ; an appeal taken to the county court, a trial had to a jury, verdict for the plaintiff for $24.80; judgment upon the verdict, and an appeal to this court. There is no appearance for the appellee.
There are twelve errors assigned, of which the eleventh is as follows: “ That the court erred in giving instructions numbered from 1 to 12 inclusive.” This is the only error of the supposed twelve relied upon for reversal, and is confined to the first part of the third instruction. The argument is confined to this third instruction, which is as follows:
“ The contract between the parties is contained in a partly printed order signed by the defendant and addressed to the plaintiff, which has been introduced in evidence and marked plaintiff’s exhibit A. With regard to this contract, you are instructed as a matter of law that all oral negotiations or stipulations between the parties which preceded or accompanied the execution of the instrument are to be regarded as merged in it, and the written instrument is to be treated as the exclusive instrument of ascertaining the agreement by which the contractors bound themselves. Where there is any ambiguity apparent upon the face of a written instrument, the jury may take into consideration the oral testimony introduced for the purpose of explaining that ambiguity. There is an apparent ambiguity in this contract as to the place from which the trees were to be dug, and the jury may determine from the testimony whether or not it was agreed between plaintiff’s agent and the defendant, that the trees and nursery stock mentioned in the contract were to be dug or grown in Colorado or elsewhere.”
Upon the trial a paper was introduced in evidence, signed *400 by the appellant, but not by appellee, and on examination proves to be an order for the nursery stock purchased, with the prices carried out, the whole bill purchased amounting to $20.00. This is the paper called a “ contract ” in the instruction. If a contract at all, it was certainly unilateral, —was only the contract of appellant; consequently the first part of the instruction, if taken alone, would be misleading and erroneous, but the instruction must be taken as a whole, and the latter part modifies the former and renders it innocuous. The court charged that where there was any ambiguity apparent upon the face of a written instrument, the ambiguity might be explained by oral testimony. He states that there was an apparent ambiguity in the contract as to the place from which the trees were to be dug, and whether by the agreement the trees were to be those grown in Colorado or elsewhere was a fact the jury were to find from the evidence. The contract in that respect could hardly be called ambiguous, as it contained nothing on the subject whatever; consequently the court was correct in submitting to the jury the questions as to what the contract of appellee was. Analyzed, the instruction would appear to be that if the written contract was unambiguous, it would be conclusive in itself, but, being ambiguous, it was inconclusive, and the fact must be found from the evidence. On examination of the bill of exceptions I find the principal defense consisted in the claim that the agreement was that the stock should be Colorado grown, whereas the stock delivered was from the interior of Nebraska; but the court admitted all the evidence offered in regard to the contract, also considerable evidence in regard to the comparative merits of the stock from the two localities. Then the court having charged the jury in the latter part of the instruction that the fact must be determined from the evidence, regardless of the contract, I cannot see that the appellant was injured or the jury misled by the first part. It is true the first might have been safely omitted, and might be, like the charge made against the paper, rather ambiguous, had the jury not, in the latter clause, been charged to dis *401 regard it. The jury evidently found from the evidence either that it was not the contract, or that, if it was, it was immaterial ; or the jury may have found, as there was evidence to support such a finding, that appellant knowing that the trees were not Colorado but Nebraska grown, and having protested against receiving them for that reason at first, and having afterwards employed the agent with whom she dealt to set the trees out upon her premises, that it was a waiver of the former objection and an acceptance with full knowledge of the fact relied upon as a defense.
The supposed error in the instruction being the only one relied upon, and appellant having been allowed great latitude in evidence upon the trial, the verdict of the jury and judgment of the court will not be disturbed.

Affirmed.